IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | ) | Cause No. CR 06-79-BLG-JDS |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| LASHAWN JERMAINE JOHNSON, | ) | **O R D E R** |
| Defendant. | ) | |

Presently before the Court is Defendant Lashawn Jermaine Johnson's (Johnson) *pro-se* Motion for Return of Property under Fed. R. Crim. P. 41(g). *Doc. No. 159.* A motion filed under Rule 41(g) after criminal proceedings have concluded is treated as a civil complaint. *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The Court ordered the Government to file a response, which it has, and Johnson has filed a reply.

In its response, the Government notes that it did locate the Rolex watch which has been turned over to a designee of Johnson. Further, the Government states that, after an inquiry, it does not have possession of the remaining items sought– making return impossible. Further, the Government cites *Ordonez v. United States*, 680 F3d 1135, 1140(9th Cir 2012), arguing that monetary damages are unavailable absent a waiver of sovereign immunity– which Rule 41 does not provide.

In his Reply, Johnson continues to seek possession, or alternatively the value of the cell phones and laptop computer, which date back to 2005, 2006. Johnson raises the Tucker Act which authorizes federal district courts to entertain claims against the United States for up to $10,000 that are founded on the Constitution or a federal statute or regulation. 28 U.S.C. § 1346(a)(2).

As stated in *Ordonez*, money damages are not available to a criminal defendant in a Rule 41(g) motion because there is no express waiver of sovereign immunity. See *Id*. at 1138 (holding that sovereign immunity bars an award of money damages against the government on a Rule 41(g) motion where the property cannot be returned) (citations omitted). The Court is bound by the decision in *Ordonez*, and consequently must deny Johnson's motion under Rule 41(g).

Johnson's attempt to assert a claim under the Tucker Act is equally unavailing. "[T]he Tucker Act waives sovereign immunity to allow jurisdiction over claims

against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained." *Kortlander v. U.S.* 107 Fed.Cl. 357, 366 (Fed.Cl.,2012). See *United States v. Navajo Nation*, 556 U.S. 287, 290, 129 S.Ct. 1547, 173 L.Ed.2d 429 (2009). Johnson has identified neither an express or implied contract with the United States, a refund or prior payment made to the government, nor a constitutional, statutory or regulatory law mandating compensation from the federal government. Therefore, the Tucker Act is inapplicable.

Based on the foregoing,

IT IS ORDERED that Johnson's Motion for Return of Property is DENIED.

The Clerk of Court shall notify the parties of the making of this Order, enter judgment for the United States and close the civil case.

DATED this 6th day of June, 2013.

/s/ Jack D. Shanstrom
Jack D. Shanstrom
Senior United States District Judge